THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Cassandra V. Meyer, SBN 021124
cmeyer@cavanaghlaw.com
Tyler B. Sankey, SBN 034753
tsankey@cavanaghlaw.com
Attorneys for Costco Wholesale Corporation

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Ford, an adult individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Costco Wholesale Corporation, a Washington corporation; John Does I-X; Jane Does I-X; ABC Partnerships I-X and XYZ Corporations I-X,<br><br>　　　　　　　　　　　　Defendants. | NO. _____<br><br>**PETITION FOR REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Costco Wholesale Corporation ("Costco"), by and through undersigned counsel, respectfully files this Petition for Removal and Notice of Removal of Maricopa County Superior Court Case No. CV2020-056044, from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and in support thereof says as follows:

1.　A civil action seeking to recover money damages has been commenced by Plaintiff Christina Ford and is now pending in the Maricopa County Superior Court in and for the State of Arizona, captioned *Christina Ford v. Costco Wholesale Corporation*,

9390025_1

Maricopa County Superior Court Case No. CV2020-056044 ("the State Action").

2. Plaintiff's Complaint in the State Action was filed on December 7, 2020. A true and correct copy of the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "A" and incorporated herein by reference. In the Complaint, Plaintiff seeks damages related to Defendant's alleged conduct in the maintenance of its premises. *See* Exhibit "A."

3. Plaintiff's Complaint was served via personal service on December 14, 2020. *See* Affidavit of Service, which is attached hereto as Exhibit "B." The Complaint was filed contemporaneously with the Summons, the Civil Cover Sheet, and the Certificate of Compulsory Arbitration. A true and correct copy of the Summons is attached hereto as Exhibit "C." A true and correct copy of the Civil Cover Sheet is attached hereto as Exhibit "D." A true and correct copy of the Certificate of Compulsory Arbitration is attached hereto as Exhibit "E." To date, Defendant is not aware of any other pleadings filed in the State Action.

4. Pursuant to L.R. 3.6(b), Defendant certifies that Exhibits "A" through "E" are true and correct copies of all documents filed in the State Action. A true and correct copy of the state court docket is attached hereto as Exhibit "F."

5. Pursuant to L.R. 3.6(b), Defendant has also attached to this Petition for Removal the Supplemental Civil Cover Sheet which it will file contemporaneously with this Petition for Removal.

6. "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added) (citations omitted). Plaintiff has alleged in her Complaint that she resides in Maricopa County,

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

State of Arizona. *See* Exhibit "A" at ¶ 1. In addition, undersigned counsel has met and conferred with Plaintiff's counsel during which she informed that Plaintiff is a citizen of Arizona. As such, Plaintiff is a citizen of Arizona.

7. Defendant Costco Wholesale Corporation is a corporation organized under the laws of the state of Washington with its principal place of business located in Washington and therefore is a citizen of Washington.

8. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

9. In this action, Plaintiff seeks to recover monetary damages that she claims are due and owing as a result of Costco's conduct in allegedly not maintaining the area at the subject Costco location where Plaintiff slipped. *See* Exhibit "A" at ¶¶ 7 - 9. According to the Complaint, Plaintiff claims that while she was walking in the Costco store, she slipped and fell on a substance that may have been a blended drink/smoothie on the sales floor. *Id.* at ¶ 8. As a result of this accident, Plaintiff claims that she has sustained serious physical injuries, including to her right knee, rotator cuff, neck, and back, for which she has incurred medical expenses and other pecuniary damages. *Id.* at ¶ 23. Plaintiff also alleges that she has sustained general damages and consequential damages. *Id.* at ¶ 24.

10. Plaintiff estimates that her special damages are approximately $40,000, but Plaintiff has asserted that these special damages are still increasing and that she may require a future surgery. Additionally, Plaintiff is still undergoing treatment and continues to experience ongoing medical issues, which she asserts will potentially require future medical treatment.

11. Undersigned counsel asked Plaintiff's counsel if she would stipulate that the

damages that she is seeking in this case for her client would not be in excess of $75,000, and Plaintiff's counsel responded that Plaintiff was unable to do so, given the damages being claimed in this case.

12. Additionally, Plaintiff has certified that the case is not subject to compulsory arbitration, meaning that Plaintiff views the case as having a value in excess of $50,000.00. *See* Exhibit "E"; *see also Ansley v. Metro Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003) (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied).

13. Further, Plaintiff alleges in her Complaint that the matter meets the criteria for Tier 2 pursuant to Arizona Rule of Civil Procedure 26.2(c)(3)(B). Under Rule 26.2, Tier 2 cases are "actions claiming more than $50,000 and less than $300,000 in damages …" *See* Ariz. Civ. P. R. 26.2(c). For purposes of determining the correct tier, the damages that may be considered includes "all monetary damages . . . , but excludes claims for punitive damages, interest, attorney's fees in the case to be tiered, and costs." Ariz. Civ. P. R. 26.2(e). Plaintiff's Tier 2 certification means that she believes her monetary damages in this case are in excess of $50,000.

14. Moreover, Plaintiff's counsel's inability to stipulate to Plaintiff's damages being $75,000 or less is proof that Plaintiff believes that her damages in this case exceed the $75,000 threshold for jurisdiction in this Court.

15. In light of Plaintiff's claimed serious injuries, which she alleges may necessitate future medical treatment and surgery, her estimated medical expenses of approximately $40,000, which she claims will increase, her certification that her compensatory and special damages exceed $50,000, her Tier 2 classification of this case, combined with her inability to stipulate that her damages are $75,000 or less, it is clear that the amount in controversy exceeds the jurisdictional minimum in this Court. *See Ansley*, 218

F.R.D. at 576-78.

16. Accordingly, this civil action, over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

17. There are no other named defendants in this matter so no additional consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

18. This Petition for Removal and Notice of Removal is filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

19. Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County.

20. Pursuant to LRCiv 3.6(d), Defendant requests a jury trial, and has indicated the same on the Civil Cover Sheet.[1]

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

---

[1] Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant will file its Response to Plaintiff's Complaint within seven (7) days of this Petition for Removal.

DATED this 4th day of January, 2021.

THE CAVANAGH LAW FIRM, P.A.


By: /s/ *Cassandra V. Meyer*
Cassandra V. Meyer
Tyler B. Sankey
Attorneys for Costco Wholesale Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronic copy to the following party:

Suzie Zachar Irwin
**ZACHAR LAW FIRM, P.C.**
P.O. Box 47640
Phoenix, Arizona 85020
Attorney for Plaintiff

/s/ *Janet Cliffton*